17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERNATIONAL MARINE UNDERWRITERS, et al. Plaintiffs-Appellees,
v.
HAPAG-LLOYD (AMERICA) INC., et al. Defendants-Appellants.
 No. 92-36532.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1994.
Decided Feb. 17, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Hapag-Lloyd (America) Inc. appeals the district court's judgment, following a bench trial, in favor of International Marine Underwriters (the insurer) and Holland America Bulb Farms, Inc. (the consignee) concerning the shipment of iris flower bulbs shipped from Rotterdam to Seattle in a sealed refrigerator container aboard Hapag-Lloyd's vessel the INCOTRANS PACIFIC. The Underwriters brought an action for negligence and breach of the contract of carriage under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. Secs. 1300-1315. We affirm.
 
 I.
 
 4
 The Shipper's Prima Facie Case Under COGSA.
 
 
 5
 Appellants challenge the district court's finding that appellees made out a proper prima facie case under COGSA by showing that the cargo was delivered to the carrier in good order.
 
 
 6
 An admiralty court's findings on negligence, proximate cause and comparative negligence are reviewed under the clearly erroneous standard. Berg v. Chevron U.S.A., Inc., 759 F.2d 1425, 1430 (9th Cir.1985). A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1984), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 7
 Generally under COGSA,[1] a shipper establishes a prima facie case against the carrier by showing that the cargo was delivered in good condition to the carrier but was discharged in a damaged condition. 46 U.S.C. Secs. 1302, 1303; In re Damodar Bulk Carriers, Ltd., 903 F.2d 675 (9th Cir.1990); Taisho Mar. & Fire Ins. v. M/V Sea-Land Endurance, 815 F.2d 1270, 1274 (9th Cir.1987). The burden of proof then shifts to the vessel owner to establish that the loss came under a statutory exception to COGSA. Taisho Mar. & Fire Ins., supra at 1274-75; see also J. Gerber & Co. v. S.S. Sabine Howaldt, 437 F.2d 580 (2nd Cir.1971).
 
 
 8
 Appellees cite to three pieces of evidence to demonstrate the cargo was in good condition when delivered to the carrier: 1) the "clean" bill of lading; 2) the Phytosanitary Certificate, supported by the oral testimony of the Holland America representative, Benno Dobbe; and 3) the Midbrook Flower Bulbs Holland container checklist. Considering the evidence as a whole, basis for a "definite and firm conviction that a mistake has been made," Anderson, 470 U.S. at 573, does not exist. The trial court correctly found that appellees established a prima facie case under COGSA.
 
 II.
 
 9
 The Trial Court's Causation Analysis.
 
 
 10
 Appellant next challenges the trial court's causation analysis. We review the trial court's analysis for clear error. Mayview Corp. v. Rodstein, 620 F.2d 1347 (9th Cir.1980). We note from the outset that neither appellee nor the trial court was obligated under COGSA to advance a theory of causation. The trial court specifically found that 1) the insulation on the container was saturated; 2) as a result the insulation failed; and 3) the moisture inside the container was created by this insulation failure. Appellant argues: 1) there was no evidence that the insulation was ever wet, and no witness ever looked at the insulation; 2) the insulation could not have failed because the Ryan and Partlow charts indicate that the container remained within the required limits throughout the voyage, and the refrigeration equipment did not malfunction; 3) every surveyor who examined the container testified that the bulbs on the floor inhibited air circulation and caused the buildup of moisture; nevertheless, the court ignored the effect of the bulbs in the circulation gratings and the drains for a theory of insulation failure "unsupported by objective findings"; and 4) the court's theory of causation violates the laws of physics.
 
 
 11
 Plaintiffs' arguments have no merit. The trial court had sufficient basis for its theory, and was not clearly erroneous in its analysis.
 
 
 12
 The judgment of the trial court is AFFIRMED. Appellee's motion for sanctions for frivolous appeal is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 [1]
 46 U.S.C. Sec. 1300 et seq. COGSA's applicability to this action is not questioned. The shipment was clearly in "foreign trade." COGSA, 46 U.S.C. Sec. 1300 ("Every bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade, shall have effect subject to the provisions of this chapter")